```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

KERI DWYER                        *
     Plaintiff                    *
v.                                *
                                  *   Civil Action No. WMN-15-2322
DISCOVER FINANCIAL SERVICES       *
DBA: DISCOVER CARD                *
     Defendant                    *
                                  *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Before the Court is Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Claim. ECF No. 4. Plaintiff failed to file a memorandum in opposition to Defendant's motion within the 14 day period, therefore, the motion is ripe. Local Rule 105.2(a). Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be granted.

Plaintiff Keri Dwyer filed this action against Defendant Discover Financial Services d/b/a Discover Card (Discover)[1] on August 7, 2015, for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff alleges that Defendant, through an automatic telephone dialing system, made 284 non-emergency calls to her cellular telephone between February 5, 2015, and April 30, 2015, for the purpose of

---

[1] Defendant Discover Products Inc. was incorrectly named and sued as Discover Financial Services d/b/a Discover Card.

collecting a debt.  Plaintiff asserts that on January 29, 2015, she advised Defendant to stop calling her cellular phone and additionally revoked any consent for Defendant to use an automatic telephone dialing system to call that phone. Notwithstanding her instructions, Plaintiff maintains Defendant continued to use an automatic telephone dialing system to call Plaintiff's cellular phone multiple times per day without Plaintiff's consent.

Although the Complaint avoids revealing the nature of the alleged debt, Defendant asserts that Plaintiff's action relates to a Discover credit card account she opened in April of 2001.[2] When Plaintiff opened her credit card account, she agreed to abide by the terms and conditions applicable to the account, which were contained in a cardmember agreement (Agreement).  ECF No. 4-2 at 2.  The Agreement governing the account contained an arbitration provision:

> ARBITRATION OF DISPUTES.  In the event of any past, present, or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or related to your Account, any prior account you have had with us, your application, the relationships which result from your

---

[2] Plaintiff has not opposed Defendant's motion, and by failing to address Defendant's arguments, abandoned her opposition to Defendant's assertion that the alleged telephone calls were made in connection with Plaintiff's credit card account.  See Grant-Fletcher v. McMullen & Drury, P.A., 964 F. Supp. 2d 514, 525 (D. Md. 2013) (opining that the plaintiff appeared to have abandoned claims by not responding to arguments directed at those claims in the Defendant's summary judgment motion).

2

> Account or the enforceability or scope of this arbitration provision, of the Agreement or any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.
>
> IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM.

ECF No. 4-2 at 9-10.  Defendant occasionally updated the terms of the Agreement by mailing a change in terms or a new agreement to Plaintiff.  Specifically, in 2003, Plaintiff was given the opportunity to decline the arbitration provision without canceling her account but did not do so by the given deadline.  According to Defendant, Plaintiff continued to use her credit card after the deadline, thus consenting to the arbitration provision.  Defendant argues that by its plain terms, the Agreement requires Plaintiff to arbitrate any claims or disputes related to or arising from her account, including her claim under the TCPA.  Based on the Agreement, Defendant asks this court to compel arbitration and to dismiss Plaintiff's claim.

When resolving a motion to dismiss under Rule 12(b)(6) courts may not ordinarily "consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  A court may consider, however, official public records, documents central to plaintiff's claim, and

3

documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. Id.; see also Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint."). Defendant's motion is supported by exhibits including Exhibit A, Declaration of Jeff Naami, Director of Pricing and Strategy for Defendant; Exhibits 1-4 attached to that Declaration which are copies of the various agreements between Plaintiff and Defendant; and Exhibits B and C, copies of arbitration rules for two arbitration organizations. Plaintiff has not challenged Defendant's exhibits, and the Court finds the exhibits relating to the Agreement, Exhibits 1-4, are sufficiently referred to in the Complaint. Accordingly, Exhibits 1-4 have merged with the pleadings, and review of these documents is necessary to determine whether or not the present controversy belongs before an arbitrator, as mandated by the Federal Arbitration Act (FAA), or before this Court.

Any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration in the manner provided for in the agreement. 9 U.S.C. § 4. When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the

4

exercise of discretion by a district court, but instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 218, (1985)).  "Before the Federal Arbitration Act becomes applicable to the instant case, two findings must be made: (1) there was an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce." <u>American Home Assurance Co. v. Vecco Concrete Constr. Co., Inc. of Virginia</u>, 629 F.2d 961, 963 (4th Cir. 1980); <u>c.f.</u> <u>Lombard Sec. Inc. v. Thomas F. White & Co., Inc.</u>, 903 F. Supp. 895, 897 (D. Md. 1995) (finding the Court must determine whether the parties have entered into a valid arbitration agreement and whether the dispute falls within the substantive scope of the arbitration agreement).

    The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue.  <u>Green Tree Fin. Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 92 (2000).  Because Plaintiff failed to file an opposition, she has done nothing to overcome the strong federal policy favoring the enforcement of arbitration agreements.  <u>See</u> 9 U.S.C. § 2 (stating that an arbitration agreement "shall be

valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract."). In determining whether a binding agreement to arbitrate exists, courts "should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  The Agreement contains a choice of law clause providing for the adoption of "applicable federal law, and to the extent state law applies, Delaware law." ECF No. 4-2 at 11.  Under Delaware law, use of a credit card will bind the card holder to a cardmember agreement governing a credit card account.  See, e.g., Passmore v. Discover Bank, No. 1:11-CV-01347, 2011 U.S. Dist. LEXIS 123918, at *16-17 (N.D. Ohio Oct. 26, 2011) (holding that under Delaware law, the plaintiff unequivocally manifested acceptance of the card agreement governing the account by making purchases on the account after the card agreement was mailed to her where the card agreement provided that use of the card constituted acceptance.)

Plaintiff's case is no exception to the general rule that "the use of credit cards amounts to acceptance of the terms of the cardholder agreements." Whitman v. Capital One Bank (USA), N.A., No. WMN-09-1737, 2009 U.S. Dist. LEXIS 108203, at *6-7 (D. Md. Nov. 19, 2009).  In connection with opening her account, Plaintiff agreed to abide by the terms and conditions contained

6

in the Agreement, including the arbitration provision.  When the Agreement was amended, Plaintiff consented to the changed terms by failing to reject any changes and continuing to use her credit card.[3]  Plaintiff is therefore required to abide by the terms and conditions as set forth by Defendant in the Agreement.

Furthermore, the language of the Agreement is broad enough to encompass this dispute, as all doubts or ambiguities regarding "the scope of the arbitration clause itself [should be] resolved in favor of arbitration."  United States v. Bankers Ins. Co., 245 F.3d 315, 319 (4th Cir. 2001).  "The presumption in favor of arbitrability is particularly applicable when the arbitration clause is broadly worded."  Levin v. Alms & Associates, Inc., 634 F.3d 260, 267 (4th Cir. 2011).  As stated above, the Agreement provides for arbitration of all claims "arising from or related to your Account, any prior account you have had with us, your application, the relationships which result from your Account or the enforceability or scope of this arbitration provision."  ECF No. 4-2 at 9-10 (emphasis added).  In a case involving a similar arbitration provision in a credit card agreement, a court within the Fourth Circuit found that a

---

[3] The Agreement contained a change of terms provision that allowed Defendant to change any term or part of the Agreement upon written notice to Plaintiff, and provided that Plaintiff's failure to notify Defendant in writing of her disagreement with any changed terms would be deemed acceptance of those terms. ECF No. 4-2 at 9.

7

plaintiff's TCPA claim was subject to arbitration under the FAA. See Snow v. Citibank, N.A., No: 5:14-CV-59-FL, 2015 U.S. Dist. LEXIS 23624, at *15-16 (E.D.N.C. Jan. 20, 2015) (finding plaintiff's TCPA claim was subject to arbitration under a provision that allowed for arbitration of "[a]ll Claims relating to your account, a prior related account, or our relationship"). The Court finds the broadly worded arbitration provision in the Agreement encompasses Plaintiff's TCPA claim.

Finally, the contract between Plaintiff and Defendant evidences a transaction involving interstate commerce. The United States Court of Appeals for the Fourth Circuit has held that the FAA

> does not require proof by affidavit or other specific evidence of the nexus to interstate commerce. Where ... the party seeking arbitration alleges that the transaction is within the scope of the Act, and the party opposing application of the Act does not come forward with evidence to rebut jurisdiction under the federal statute, we do not read into the Act a requirement of further proof by the party invoking the federal law.

Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974, 978 n. 4 (4th Cir. 1985). Defendant alleges the transaction falls under the FAA, stating "[i]t is beyond dispute that the delivery, transfer, or movement of goods, services, or other articles of commerce 'across state lines has long been recognized as a form of commerce.'" ECF No. 4 at 5 (quoting Camps Newfound/Owatonna, Inc. v. Town of Harrison, 520 U.S. 564, 573 (1997)). Plaintiff

has not put forth any evidence opposing the application of the FAA.  As a result, the Court finds a sufficient connection to interstate commerce, and therefore, Defendant correctly invoked the FAA to compel arbitration in this case.

When an issue in a judicial proceeding is referable to arbitration, the FAA requires the court, upon the motion of a party, to stay the proceedings until that issue is arbitrated.  <u>E.E.O.C. v. Waffle House, Inc.</u>, 534 U.S. 279, 289 (2002). "Nevertheless, the Fourth Circuit has held that 'dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.'"  <u>Cheraghi v. MedImmune, LLC</u>, 2011 U.S. Dist. LEXIS 139272, *9-10 (D. Md. Nov. 1, 2011) (quoting <u>Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.3d 707, 709-10 (4th Cir. 2001)).  All of the issues presented in this lawsuit are arbitrable, and therefore, dismissal is the proper remedy.

For the above-stated reasons, the Court will grant Defendant's motion.  A separate order will issue.


                                           _____/s/_____
                                           William M. Nickerson
                                           Senior United States District Judge


DATED: December 2, 2015